**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| **FALLS CHURCH MEDICAL CENTER, LLC,** ) <br> d/b/a FALLS CHURCH HEALTHCARE CENTER, ) <br> et al.; ) <br> ) <br>        Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **M. NORMAN OLIVER,** Virginia Health ) <br> Commissioner, et al., ) <br> ) <br>        Defendants. ) | Case No. 3:18cv428-HEH |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO EXCLUDE EXPERT TESTIMONY OF KARISSA HAUGEBERG, PH.D.**

Defendants M. Norman Oliver, Robert Payne, Faye O. Prichard, Theophani Stamos, Anton Bell, Michael N. Herring, Colin Stolle, and Robert N. Tracci ("Defendants"), by counsel, and pursuant to this Court's Scheduling Order (ECF No. 27-1), state as follows for their Reply Memorandum in Support of their Motion to Exclude the Expert Testimony of Karissa Haugeberg, Ph.D.:

**INTRODUCTION**

Plaintiffs argue that Dr. Haugeberg's testimony is relevant because her opinion will help this Court adduce the purpose behind Virginia's abortion laws and regulations. Pls.' Mem. in Opp'n to Defs.' Mot. to Exclude ("Pls. Mem.") (ECF No. 130) at 1. This argument fails because Plaintiffs have no improper purpose claim properly before this Court, and, in fact, have repeatedly and expressly disclaimed any sort of improper purpose claim. As a result, Dr. Haugeberg's testimony is not relevant to an issue in this case and ought to be excluded.

## APPLICABLE LAW

The admissibility of expert witness testimony is governed by Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). Expert testimony is admissible to "assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* at 591 (quoting Fed. R. Evid. 702). That is, the trial judge must decide "whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the [trier of fact] in resolving a factual dispute." *Id.* (quoting *United States v. Downing*, 753 F.2d 1224, 1242 (1985)); *see also United States v. Dorsey*, 45 F.3d 809, 813 (4th Cir. 1995). Expert testimony that does not relate to any issue in the case is not relevant, and consequently, not helpful. *Daubert*, 509 U.S. at 591. Plaintiffs must show that their expert is relevant by a preponderance of the evidence. *Cady v. Ride-Away Handicap Equip. Corp.*, 702 F. App'x 120, 124 (4th Cir. 2017).

## ARGUMENT

Plaintiffs assert that "[t]he purpose of the laws challenged in this litigation . . . will be squarely at issue at trial, and Dr. Haugeberg's testimony is directly relevant to the resolution of that dispute." Pls.' Mem. at 1. Certainly, the U.S. Supreme Court in *Whole Woman's Health v. Hellerstedt* acknowledged that an undue burden can be shown if the purpose or effect is to place a substantial burden in the path of a woman seeking an abortion before the fetus attains viability. 136 S. Ct. 2292, 2309 (2016). But in this case, Plaintiffs allege only that the *effect* of the challenged laws creates a substantial burden, not that the *purpose* of the challenged laws was to create an undue burden. Because Plaintiffs do not contend that Dr. Haugeberg's opinion is relevant to the effects of Virginia's laws on women in the Commonwealth, Dr. Haugeberg's opinion is irrelevant to any fact at issue in this case.

2

At the September 6, 2018 hearing on Defendants' Motion to Dismiss, counsel for Plaintiffs distinguished this case from *Mazurek v. Armstrong*, 520 U.S. 968 (1997) by stating "[*Mazurek*] was about an improper purpose, not effect. **We are bringing an effect claim**." Hr'g on Mot. to Dismiss Tr. (ECF No. 50) 35:25-36:1 (emphasis added). Plaintiffs reiterated this position on April 8, 2019 at the hearing on cross motions for summary judgment, stating "*Mazurek* involved a claim of improper purpose not harmful effects." Hr'g on Summ. J. Tr. (ECF No. 112) 10:18-19. Plaintiffs are judicially estopped from attempting to assert an improper purpose claim in order to justify the admissibility of their expert's testimony. *See Dairyland Ins. Co. v. Hughes*, 317 F. Supp. 928, 939 (W.D. Va. 1970) ("'In Virginia, we have . . . approved the general rule that a party is forbidden to assume successive positions in the course of a suit or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other, or mutually contradictory . . . .'") (quoting *Burch v. Grace Street Bldg. Corp.*, 168 Va. 329, 340, 191 S.E. 672 (1937)).

To the extent that Count VI of the Amended Complaint could have been construed to include a claim of improper purpose, that claim has been dismissed. Mem. Op. at 21 (ECF No. 52). In Count VI, Plaintiffs alleged that the cumulative regulations at issue in this case "violate Plaintiffs' patients' rights to liberty and privacy as guaranteed by the Fourteenth Amendment of the U.S. Constitution *because they have the unlawful purpose and effect* of imposing an undue burden on the fundamental right to choose abortion before viability." Am. Compl. (ECF No. 41) ¶ 264 (emphasis added). By contrast, the remaining substantive due process counts before the Court (Counts I through V),[1] allege only that the challenged laws violate the Fourteenth

---

[1] Counts VII and VIII are challenges based on vagueness and unreasonable searches that do not include elements of an improper purpose. Plaintiffs have not argued – and cannot argue – that Dr.

3

Amendment "because they impose an undue burden on the fundamental right to choose an abortion prior to viability." Am. Compl. ¶¶ 253, 255, 257, 260, 262. Nowhere in Counts I through V is there a claim of improper purpose—an omission that was intentional according to Plaintiffs' counsel's representations at oral argument.[2]

Dr. Haugeberg's recitation of 200 years of abortion history tells this Court nothing about the central issue to be decided in this case: whether the challenged laws place a substantial obstacle in the path of a Virginia woman seeking a pre-viability abortion. Plaintiffs argue that Dr. Haugeberg's proposed testimony is relevant because it will "help[] the Court determine whether the Virginia General Assembly enacted the Licensing Statute and Two-Trip Mandatory Delay Law for the improper purpose of eroding abortion access[.]" Pls.' Mem. at 7. Plaintiffs' prior concessions that they have no improper purpose claim necessarily render Dr. Haugeberg's testimony completely irrelevant. Plaintiffs have failed to show by a preponderance of the evidence that Dr. Haugeberg's opinions are relevant to any Count still at issue, and thus these opinions must be excluded from trial.

## **CONCLUSION**

For the reasons set forth above, as well as the reasons set forth in the Memorandum in Support of Defendants' Motion to Exclude Expert Testimony of Dr. Haugeberg, Ph.D., Defendants respectfully request that this Court enter an order granting the Motion to Exclude, prohibiting

---

Haugeberg's historical opinion affects this Court's determination of the vagueness challenge of Count VII or the Fourth Amendment challenge in Count VIII.

[2] Notably, Plaintiffs' claims for relief in Counts I through V are nearly identical, so Plaintiffs cannot distinguish their representations at oral argument that they pled an "effects claim" as related to the Physician-Only Law in Count IV without acknowledging that they pled an "effects claim" for each remaining count.

Plaintiffs from presenting any testimony or evidence through Dr. Haugeberg at trial, striking Dr. Haugeberg's expert report, and for any other and further relief that the Court deems proper.

Dated: April 25, 2019

Respectfully submitted,

**M. NORMAN OLIVER, ROBERT PAYNE, FAYE O. PRICHARD, THEOPHANI STAMOS, ANTON BELL, MICHAEL N. HERRING, COLIN STOLLE, and ROBERT N. TRACCI**

/s/ Emily M. Scott
Courtney Moates Paulk (VSB No. 45523)
Emily M. Scott (VSB No. 71435)
Jaime B. Wisegarver (VSB No. 81095)
John P. O'Malley (VSB No. 92439)
HIRSCHLER FLEISCHER,
A PROFESSIONAL CORPORATION
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:    804.771.9500
Facsimile:    804.644.0957
E-mail:    cpaulk@hirschlerlaw.com
            escott@hirschlerlaw.com
            jwisegarver@hirschlerlaw.com
            jomalley@hirschlerlaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April 2019, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of Court for the Eastern District of Virginia, Richmond Division, using the Court's CM/ECF system, which thereby caused the above to be served electronically on all registered users of the Court's CM/ECF system.

/s/ Emily M. Scott_____
Courtney Moates Paulk (VSB No. 45523)
Emily M. Scott (VSB No. 71435)
Jaime B. Wisegarver (VSB No. 81095)
John P. O'Malley (VSB No. 92439)
HIRSCHLER FLEISCHER,
A PROFESSIONAL CORPORATION
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:     804.771.9500
Facsimile:      804.644.0957
E-mail:           cpaulk@hirschlerlaw.com
                      escott@hirschlerlaw.com
                      jwisegarver@hirschlerlaw.com
                      jomalley@hirschlerlaw.com

*Counsel for Defendants*

11161626.2 043679.00001